UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SOLIVAN FRANCISCO SOLIVAN,

       Petitioner,

v.                                                     Case No. 2:10-cv-68
                                                     HON. R. ALLAN EDGAR

GREG McQUIGGIN,

       Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Solivan Francisco Solivan filed this petition for writ of habeas corpus challenging the validity of his state court convictions. Petitioner was convicted at trial for armed robbery (M.C.L. 750.529), conspiracy to commit armed robbery (M.C.L. 750.529(c)), possession of a firearm during the commission of a felony (M.C.L. 750.227(b)), and felon in possession of a firearm (M.C.L. 750.224 (f)). As a habitual offender, fourth offense (M.C.L. 769.12), Petitioner received a sentence of 23 to 75 years imprisonment for the armed robbery conviction, 10 to 20 years imprisonment for the conspiracy conviction, two years imprisonment for the felony firearm conviction, and 365 days imprisonment for the felon in possession conviction. Petitioner maintains that his convictions were in violation of his federal rights. Petitioner sets forth the following claims (verbatim):

> The victim gave a statement that a black African robbed her. The officers and investigators were searching for a black man. When my picture was displayed in the newspaper her friend the victim said she the petitioner as a pourtorican man. She identified the petitioner from the newspaper and not from actually knowing the petitioner and then she changed her statement.

My codefendant in the named case a statement that he Martin Harris did not have anything to do with the so called crime armed robbery. Martin Harris made a statement that he loaned his blue ford van to me the petitioner Francisco Solivan. When the detective showed Martin Harris the video of him selling phone cards to the clerk at the beer store thats when codefendant Martin Harris changed his statement.

Ineffective counsel lawyer Damian Nunzio trial attorney. My lawyer Damian Nunzio only visited me at the county jail twice for preparation of trial in a high profile crime which I know that it takes many more visits and much more preparation for my trial.

When I waved my preliminary examination to my right to obtain a speedy trial my case was adjourned many times thats when I seen my lawyer was ineffective counsel, he did not listen to my instructions thats when I was forced to write my own motions.

When I asked for a Spanish English interpreter my right to know that I was signing and interpretation was denied because my lawyer did not listen to my request. The prosecutor asked that I have a interpreter only for my preliminary examination but during the petitioner whole trial I was denied a Spanish and English interpreter so my legal right to understand all that was being and introduced to me at trial was not understood. The victim was granted a Spanish English interpreter during the whole trial by the state people. All my motions Circuit, Appellate, as well as Supreme Court claims all was denied. Now I am able to interped English and by me studying my case, I see and understand the denial processes in which the state courts has take was unconstitutional. Enclosing, I pray that this honorable court review my case.

The Defendant-Appellant was denied his state and federal constitutional rights to a fair trial and due process where trial counsel failed to secure the assistance of an interpreter to assist Defendant-Appellant in understanding the proceedings, amounting to ineffective assistance of counsel in violation of Mich Const 1963 Art I Sec 20, U.S. Const Am V, VI, XIV.

The Defendant-Appellant was denied his state and federal constitutional rights to the effective assistance of counsel where trial counsel failed to challenge the victim's identification of Mr. Solivan. U.S. Const Am VI.

The Defendant-Appellant was denied his state and federal constitutional rights under the Sixth Amendment to the be tried via

> request for a speedy trial where State was divested of jurisdiction to try this case after 15 months, in violation of the Michigan Constitution 1963 Art I Section 20, U.S. Const Am VI, XIV, Right to Due Process.
>
> The Defendant-Appellant was denied the effective assistance of appellate counsel where appellate counsel did not raise the above issues in Defendant-Appellant's appeal of right.

Petition for Writ of Habeas Corpus, Docket #1, p. 2, 4, 6.

After Petitioner was convicted and sentenced, he filed a claim of appeal with the Michigan Court of Appeals, raising ineffective assistance of counsel, due process violation and improper sentencing. Petitioner also filed a pro se brief asserting additional claims: that he was denied due process due to the prosecutor's misconduct, that the trial counsel was incompetent, that his right to a fair trial was infringed upon by the trial judge, and that he was denied due process by the cumulative effect of constitutional errors at trial. The Michigan Court of Appeals affirmed his conviction (*People v. Solivan*, Mich. Ct. App. No. 277829 (2008)), and Petitioner subsequently filed an application for leave to appeal which raised his first three claims as well as two new claims: that defendant was denied his Sixth Amendment right to a speedy trial and that he had been denied effective assistance of appellate counsel. The Michigan Supreme Court denied the application in a standard order. (*People v. Solivan*, Mich. Sup. Ct. No. 137498 (2009)).

Next, Petitioner filed a motion for relief from judgment alleging that: (1) trial counsel was ineffective for not securing the assistance of an interpreter, (2) trial counsel was ineffective for failing to challenge the victim's identification testimony, and (3) Petitioner was deprived of his right to a speedy trial. His motion was denied by the trial court and Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. The application was denied for failure to establish entitlement to relief under M.C.R. 6.508(D). (*People v. Solivan*, Mich. Ct. App. No. 294103

(2009)). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, but his application was filed beyond the 56-day limit and thus was rejected by the Court. (Docket # 20). Consequently, all of Petitioner's claims, except the exhausted claim of ineffective assistance of trial counsel, are procedurally defaulted.

The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160

F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989),

*cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

The claims Petitioner asserted in his motion for relief from judgment in the state courts are procedurally defaulted. When a state-law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). To determine whether a petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the last state court rendering judgment on the claim at issue actually enforced the state procedural rule so as to bar that claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir. 2004); *accord Lancaster v. Adams*, 324 F.3d 423, 436-37 (6th Cir. 2003); *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001); *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001).

Here, the Michigan Court of Appeals expressly stated that it denied Petitioner's application for leave to appeal on the basis that Petitioner failed to "meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." (Docket # 19). Under M.C.R. 6.508(D)(2) and (3), a defendant may not collaterally attack a conviction based upon claims that were decided against him in a prior appeal or that could have been raised on direct appeal. For claims that could have been raised, the defendant is entitled to relief only if he can establish "good cause" for failing to raise the grounds on appeal and "actual prejudice," as shown by a "reasonably likely chance of acquittal" or

an "irregularity so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand." M.C.R. 6.508(D)(3)(a)-(b). In assessing how "firmly" a state procedural rule has been established, the critical inquiry is whether, viewed from the time of the petitioner's later significant actions or inaction, the petitioner could be deemed to have been apprised of the procedural rule's existence. *Luberda v. Trippett*, 211 F.3d 1004, 1006-07 (6th Cir. 2000). Because M.C.R. 6.508(D) was enacted in 1989 and Petitioner's conviction and appeals took place some time thereafter, M.C.R. 6.508(D) was a "firmly established" procedural rule for purposes of Petitioner's action. *See Luberda*, 211 F.3d at 1007; *Rogers v. Howes*, 144 F.3d 990, 994 (6th Cir. 1998).

When Petitioner filed for leave to appeal to the Michigan Supreme Court, Petitioner's claims were also procedurally defaulted because Petitioner did not meet the 56-day limit on his application. Michigan law clearly required that any application for leave to appeal to the Supreme Court be filed within 56 days after the lower court decision. M.C.R. 7.302(C)(3). Michigan law does not provide for any extension of this period, and there are no reported cases indicating that the Michigan Supreme Court accepts late filings. The affidavit of the Clerk of the Michigan Supreme Court attests to the fact that Petitioner untimely filed his application for leave to appeal the decision of the Michigan Supreme Court. *See* Affidavit of Michigan Supreme Court Clerk, Corbin R. Davis, regarding Michigan Court of Appeals No. 294103.

If a petitioner procedurally defaulted his federal claim in state court, the petitioner must demonstrate either (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Murray v. Carrier*, 477 U.S. 478, 495 (1986); *Hicks*, 377 F.3d at 551-52. The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts

a claim of actual innocence based upon new reliable evidence. *House*, 547 U.S. at 536. A habeas petitioner asserting a claim of actual innocence must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Petitioner has not presented any reliable new evidence. Petitioner's first claim regarding the victim's statement was discussed at trial, the witness interrogated, and Petitioner did not bring this issue up on appeal.

To show cause sufficient to excuse a failure to raise claims on direct appeal, Petitioner must point to "some objective factor external to the defense" that prevented him from raising the issue in his first appeal. *Murray*, 477 U.S. at 488; *see McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Petitioner has not attempted to explain his failure to file a timely application for leave to appeal the decision on his motion for relief from judgment to the Michigan Supreme Court. Petitioner failed to show that appellate counsel erred by not raising meritorious claims necessary to establish cause. Moreover, Petitioner failed to file a timely appeal of the denial of his motion for relief from judgment. Petitioner can blame only himself for his procedural default.

The remaining claims include ineffective assistance of counsel claims that were presented on Petitioner's initial appeal to the Michigan Court of Appeals. In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of

overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

Moreover, as the Supreme Court recently has observed, when a federal court reviews a state court's application of *Strickland* under § 2254(d), the deferential standard of *Strickland* is "doubly" deferential. *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (citing *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009)); *Premo v. Moore*, 131 S. Ct. 733, 740 (2011). In those circumstances, the question before the habeas court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

The Michigan Court of Appeals addressed and rejected Petitioner's ineffective trial counsel claim, stating:

> Defendant first claims that he received ineffective assistance of counsel in violation of his Sixth Amendment Rights under the United States Constitution. US Const, Am VI. Defendant claims he is entitled to a presumption of prejudice because the fact that his trial counsel only met with him twice before trial amounted to a complete deprivation of counsel. *People v Frazier,* 478 Mich 231, 243; 733 NW2d 713 (2007); *United States v Cronic*, 466 US 648, 659; 104 S Ct 2039; 80 L Ed 2d 657 (1984). This argument has no merit. The record reflects that, even if trial counsel only met with defendant twice before trial, defendant's trial counsel was involved in his case at various phases of the pretrial process, and was actively involved in defending defendant at trial. Defendant presented no allegations or evidence that his two meetings with counsel were inadequate or of

short duration, or what benefit defendant's case would have had with additional meetings. Defendant was not completely deprived of counsel, and thus, was not entitled to a presumption of prejudice.

*People v. Solivan*, Mich. Ct. App. No. 277829 (2008), at 2.

Furthermore, Petitioner's claims of ineffective counsel with regard to victim identification were also addressed by the Michigan Court of Appeals:

> Defendant further asserts that defense counsel erred in failing to object to the introduction of the tape recording of the victim's emergency telephone call as prejudicial and cumulative. The telephone call may have elicited an emotional response from the jury. However, it was not so prejudicial to defendant that it required exclusion as it was highly relevant to the victim's description of the robbery and the robbers. *People v Slaton*, 135 Mich App 328, 333-334; 354 NW2d 326 (1984); MRE 403. Such an objection, then, would have been futile, and counsel is not required to raise a futile objection. *People v Ackerman*, 257 Mich App 434, 455; 669 NW2d 818 (2003). Moreover, given that it highlighted the victim's varying descriptions, defense counsel's failure to object could have been a matter of sound trial strategy. This Court will "not substitute its judgment for that of counsel regarding matters of trial strategy." *People v Davis,* 250 Mich App 357, 368; 649 NW2d 94 (2002).

*Id.* at 2-3. Additionally, Petitioner's claim that his waiver of a preliminary examination was a result of ineffective counsel was also addressed by the Michigan Court of Appeals:

> [D]efendant signed this waiver, he does not indicate what additional evidence defense counsel would have uncovered if a preliminary examination was held, and he fails to demonstrate that the waiver resulted in prejudice to his case. He has not demonstrated that counsel was ineffective with respect to the preliminary examination.

*Id.* at 2. In the opinion of the undersigned, the Michigan Court of Appeals' decision was not contrary to and did not result in an unreasonable application of clearly established federal law as determined by the Supreme Court. Therefore, it is recommended that Petitioner's ineffective assistance of trial counsel claim be dismissed.

Petitioner's second claim that Martin Harris was not telling the truth was discussed by the Michigan Court of Appeals. The Michigan Court of Appeals concluded: "the prosecution did not impermissibly vouch for Harris' credibility." *Id.* at 5. In the opinion of the undersigned, the Michigan Court of Appeals' decision was not contrary to and did not result in an unreasonable application of clearly established federal law as determined by the Supreme Court. Therefore, this claim is also properly dismissed.

Petitioner also claims that his appellate counsel was ineffective in failing to address his due process rights, right to an interpreter, failing to challenge the victim identification, and failing to assert his right to a speedy trial. An appellant has no constitutional right to have every non-frivolous issue raised on appeal. "'[W]innowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)). To require appellate counsel to raise every possible colorable issue "would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." *Strickland*, 466 U.S. at 688. As the Supreme Court recently has observed, it is difficult to demonstrate that an appellate attorney has violated the performance prong where the attorney presents one argument on appeal rather than another. *Smith v. Robbins*, 528 U.S. 259, 289 (2000). In such cases, the petitioner must demonstrate that the issue not presented "was clearly stronger than issues that counsel did present." *Id.* at 289. It is noteworthy that Petitioner brought additional claims in a *pro se* brief to the Michigan Court of Appeals and did not include these issues in his brief.

In conclusion, Petitioner's claim of ineffective assistance of trial counsel was properly dismissed by the Michigan Court of Appeals. All of Petitioner's remaining claims were unexhausted

and were properly dismissed due to procedural default. Petitioner's application was denied for failure to establish entitlement to relief under M.C.R. 6.508(D) (*People v. Solivan*, Mich. Ct. App. No. 294103 (2009)). Additionally, Petitioner filed an application for leave to appeal in the Michigan Supreme Court, but his application was filed beyond the 56-day limit and thus was rejected by the Court. (Docket # 20). Consequently, Petitioner procedurally defaulted these claims.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice. In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of Petitioner's ineffective trial counsel claim was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

The undersigned also recommends that the court deny Petitioner's application on grounds of procedural default. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that each of Petitioner's remaining claims are properly dismissed on grounds of procedural default. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: March 28, 2013